# Exhibit A

**Deficient per Rule 20-203(d). Unless corrected, not a valid pleading or paper**

| | | |
|---|---|---|
| OWEN FEIL<br>2600 Netherland Avenue<br>Bronx, New York 10463, | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff, | * | FOR |
| v. | * | BALTIMORE COUNTY |
| GOUCHER COLLEGE<br>1021 Dulaney Valley Road<br>Baltimore, Maryland 21204 | * | Case No.: C-03-CV-19-004089 |
| | * | |
| SERVE ON RESIDENT AGENT:<br>Barbara J. Stob<br>Legal Office<br>Goucher College<br>1021 Dulaney Valley Road<br>Baltimore, Maryland 21204, | *<br><br>*<br><br>* | JURY TRIAL DEMANDED |
| | * | |
| and | | |
| | * | |
| UNKNOWN GOUCHER COLLEGE<br>SECURITY PERSONNEL<br>1021 Dulaney Valley Road<br>Baltimore, Maryland 21204, | *<br><br>* | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Owen Feil, by and through his attorney, Donna M.B. King, Esquire, and the Law Office of Donna M.B. King, LLC, files this Complaint against Defendants Goucher College and Unknown Goucher College Security Personnel, and states as follows:

1. Plaintiff was a student at Defendant college in the fall semester 2018.
2. Defendant is an educational institution in Baltimore County, Maryland.
3. Plaintiff's fall semester 2018 was his first semester of college, as a freshman. Because Plaintiff has certain language-based learning disabilities, Goucher College was the

first time in which Plaintiff was mainstreamed as a student.

4. On November 7, 2018, a Goucher College student falsely accused Plaintiff of sexual assault. In response to the student's complaint, Defendant's security personnel, Unknown Goucher College Security Personnel, went to Plaintiff's dorm room and forced him to go to another part of the campus, the Public Safety Office, for an interrogation.

5. The Unknown Goucher College Security Personnel would not permit Plaintiff to get dressed, or take his phone so that he could call someone.

6. The Unknown Goucher College Security Personnel would not tell Plaintiff why they were forcing him to go to the Public Safety Office.

7. The Unknown Goucher College Security Personnel forced Plaintiff to write a statement of what occurred that night, without informing him of the allegations against him. It should have been obvious from the interrogation that the accuser's vague version of events was questionable.

8. Plaintiff was very distressed, not only because he had been accosted and falsely arrested, but because he was afraid someone had hurt his classmate, unaware that he was the one that she was falsely accusing.

9. It was only after being forced to write the statement that the Unknown Goucher College Security Personnel informed Plaintiff of the allegations against him.

10. Unknown Goucher College Security Personnel's actions caused such a high degree of emotional distress, that Plaintiff had to be admitted to Franklin Square Hospital for treatment as an inpatient.

11. At around 2:45 a.m., Unknown Goucher College Security Personnel dialed for Plaintiff a behavioral health teleservices service called Proto-Call that is contracted by

Goucher to provide contact for off-campus medical services. Proto-Call called the Baltimore County Police Department for transport. The Unknown Goucher College Security Personnel continued to hold and question Plaintiff until Plaintiff was taken to the hospital two hours later.

12. Defendant Goucher did not contact Plaintiff's emergency contact or any family member until late the next day.

13. Defendant's employees' actions were unnecessary and were calculated to assault, batter, and inflict emotional distress.

14. On November 9, 2019, Defendant Goucher sent a letter to Plaintiff by electronic mail informing him that he was on "interim separation" from the college and that he could not step foot on the campus to attend his classes. The letter further states that "[t]his action is being taken pending the College's review of the aforementioned matter."

15. Plaintiff was not informed of what to do with his belongings in his dorm room, as he was not permitted on campus. Goucher and its residential life office failed to communicate with Plaintiff and failed to secure Plaintiff's belongings, allowing those remaining items in his room to be destroyed, stolen, lost or damaged.

16. On or around November 27, 2018, Baltimore County Police concluded that no criminal charges should be made. Defendant Goucher continued its "investigation."

17. Plaintiff incurred the cost of an attorney and a polygraph test, and travel costs and hotel room stays while he defended himself against the allegations.

18. On or around April 22, 2019, an unreasonable length of time, Defendant Goucher's external investigator determined that no action should be taken against Plaintiff.

19. No representative of Defendant Goucher ever informed or explained to Plaintiff

about any right to return to campus.

20. Plaintiff was eventually permitted to finish his classes, but his grades suffered because of the inexcusable delay and emotional distress. More specifically, Defendant Goucher did not make arrangements for Plaintiff to finish his classes during the semester. Around Christmas 2018, Defendant Goucher's Associate Provost for Academic Affairs informed Plaintiff that he had failed all of his classes and placed him on "academic suspension." When Plaintiff received this notice, and expressed objection, Defendant Goucher then determined that Plaintiff would receive an incomplete in all of his classes unless he contacted his professors and completed all coursework in less than two weeks, even though he had missed six weeks of classes). Plaintiff demanded and received six weeks to finish his classwork and take all missed exams.

21. Plaintiff did well with coursework and exams, however, because he was not permitted to be on campus, he was penalized in his grades for not participating in class discussions and he was given a "no pass" in a one-credit writing lab he was taking because he did not participate.

22. It did not appear that Defendant Goucher informed Plaintiff's professors that there was an extenuating circumstance preventing Plaintiff from being on campus. It appears that Defendant Goucher failed to inform the associate provost for academic studies of Plaintiff's interim separation.

23. On January 4, 2019, Defendant Goucher's Title IX office told Plaintiff that the investigation was almost complete and that the report would be issued before the start of the spring semester. This led Plaintiff to believe that he could take his spring classes if he was exonerated. However, the process dragged on until April 2019 with Defendant

Goucher's continuous delays.

24. The Goucher College Annual Security Report, dated October 1, 2018, at page 22, states "[t]he person accused of sexual misconduct, relationship violence or stalking is notified in writing and in person (if feasible) of the complaint and investigation, and is provided with a copy of the written complaint or written summary of a complaint that is made in person. In the absence of a formal complaint by the alleged victim, the College reserves the right to initiate a complaint and to serve as a complainant if the college determines that such action is necessary to provide a safe and nondiscriminatory environment for all students, including the student who report the sexual violence.

25. The Goucher College Annual Security Report also states that "[t]he Title IX coordinator will assign a single external investigator to conduct an investigation of the complaint. The external investigator will be a neutral party outside of the College . . . . The College also reserves the right to appoint a single investigator or two investigators from within or outside the college community to conduct the investigation where warranted, as determined in the sole discretion of the Title IX coordinator, in consultation with legal counsel."

26. The Goucher College Annual Security Report also states that "[i]n a timely manner the investigator shall make a report with recommendations to the Title IX coordinator."

27. Defendant violated its own procedures by forcing Plaintiff to another part of the campus and interrogated him without notice of the accusation, additional failures to follow proper notice procedures, and failing to keep a proper timeline for resolution.

28. Plaintiff has been in psychological counseling since the incident. He has not returned to college.

29. The student who made the false complaint against Plaintiff retaliated against him after the college's conclusion by defaming him on a community app created by Defendant Goucher to be used by students called "Gopher App." Upon information and belief, Defendant Goucher has not taken any action against said student, despite the language of the Goucher College Annual Security Report, above.

30. The "Gopher App" was used by the complaining student to disseminate confidential medical information regarding Plaintiff's transport and stay at Franklin Square Hospital. Thus, Defendant Goucher violated HIPAA and Maryland law by telling the complaining student about the confidential medical information, then allowed the complaining student to post said information, and further allowed the information to stay on the "Gopher App" for the entire student body to see.

31. By keeping the false allegations against Plaintiff on the "Gopher App," Defendant Goucher was assisting in the complaining student's defamation and was actively defaming Plaintiff.

32. Plaintiff demands compensation for his expenses, including medical and psychological expenses, and reimbursement for tuition, fees, room and board paid to Defendant Goucher.

## COUNT I
### VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972
### Goucher

33. Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth within.

6

34. Title IX of the Education Amendments of 1972 provides, in relevant part, that: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

35. Title IX of the Education Amendments of 1972 applies to an entire school or institution if any part of that school receives federal funds.

36. Upon information and belief, Defendant Goucher receives federal funding, and, in fact, has a Title IX plan and procedure as cited herein.

37. Both the Department of Education and the Department of Justice have promulgated regulations under Title IX that require a school to "adopt and publish grievance procedures providing for the *prompt and equitable resolution* of student... complaints alleging any action which would be prohibited by" Title IX or regulations thereunder. 34 CFR § 106.8(b) (Dep't of Education); 28 C.F.R. § 54.135(b) (Dep't of Justice) *(emphasis added)*. Such prohibited actions include all forms of sexual harassment, including sexual intercourse, sexual assault, and rape.[1]

38. The procedures adopted by a school covered by Title IX must not only "ensure the Title IX right of the complainant," but must also "[accord] due process to both parties involved..."[2]

39. The "prompt and equitable" procedures that a school must implement to "accord due process to both parties involved" must include at a minimum:

- "Notice ...of the procedure, including where complaints may be filed";
- "Application of the procedure to complaints alleging [sexual] harassment..."

---

[1] *See generally* U.S. Dep't of Education, Office for Civil Rights, *Revised Sexual Harassment Guidance: Harassment of Students by School Employees, Other Students, or Third Parties – Title IX* (2001) at 19-20, 21 & NN.98-101.
[2] *Id.* at 22 (emphasis added).

7

- "Adequate, reliable, and impartial investigation of complaints, including the opportunity to present witnesses and other evidence";

- "Designated and reasonably prompt timeframes for the major stages of the complaint process"; and

- "Notice to the parties of the outcome of the complaint..."[3]

40. A school also has an obligation under Title IX to make sure that all employees involved in the conduct of the procedures have "adequate training as to what conduct constitutes sexual harassment, which includes "alleged sexual assaults."[4]

41. Defendant Goucher deprived Plaintiff of his rights to due process and equal protection through the improper administration of and/or the existence, in its current state, of Defendant Goucher's guidelines and regulations, and in interrogating him and forcing him to make a statement without knowing the allegations against him.

42. Defendant Goucher failed to conduct an adequate, reliable, and impartial investigation of the complaint when it conducted its initial investigation of the incident, and subsequent investigation and review, in a manner that was biased against Plaintiff.

43. Defendant Goucher acted as the advocate for the complaining student throughout the process, and did not act in a neutral way to reach the proper conclusion. In fact, on the Gopher-App, the complaining student claimed that Defendant Goucher's Title IX administrator told her that although the Baltimore County Police declined to charge Plaintiff, the complaining student could "get justice through the school and be able to feel safe again on the campus [she] called home."

---

[3] *Id.* at 20.
[4] *Id.* at 21.

8

44. Defendant Goucher has created an environment where an accused male student is fundamentally denied due process by being prosecuted under a presumption of guilt. Such a one-sided process deprived Plaintiff, as a male student, of educational opportunities at Goucher on the basis of his sex.

45. Defendant Goucher suspended Plaintiff for academic performance for the fall semester without giving Plaintiff a chance to finish his classes. Defendant Goucher suspended Plaintiff's financial aid package for Plaintiff's inability to attend his classes. Defendant Goucher gave Plaintiff impossible to meet deadlines to complete his coursework. And even when Plaintiff completed his coursework successfully, Defendant Goucher penalized his grades for "lack of participation" while not allowing him to participate in classes.

46. As a result of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

WHEREFORE, Plaintiff Owen Feil prays that the Court enter judgment in his favor and against Defendant Goucher College for damages in the amount of at least Seventy-Five Thousand Dollars and No Cents ($75,000.00), costs, and such other and further relief as justice may require.

### COUNT II
### BREACH OF CONTRACT
### Goucher

47. Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

48. Based on the foregoing, Defendant Goucher created express and implied contracts when Plaintiff accepted as admission to Defendant and paid tuition and fees.

49. Based on the aforementioned facts and circumstances, Defendant Goucher breached express and/or implied agreement(s) with Plaintiff, including the procedures for investigation of a Title IX complaint.

50. As described above, Defendant Goucher committed several breaches of its agreements with Plaintiff during the investigation and resolution process. A non-exhaustive list of Goucher's breaches include the following: (1) Defendant Goucher never informed Plaintiff that Plaintiff could appeal the interim separation; (2) Defendant Goucher never took steps to ensure Plaintiff was able to complete his classes; (3) Defendant Goucher failed to timely investigate and provide the results of the investigation; (4) Defendant Goucher failed to communicate with Plaintiff regarding the status of his interim separation, he never received a communication from the associate dean of students at any time after initial notification of the interim separation; (5) Defendant Goucher failed to communicate with Plaintiff regarding the status of his dorm room; (6) Once Plaintiff was found not responsible, Defendant Goucher failed to inform Plaintiff that the interim separation was lifted and failed to contact him regarding the process for returning to campus; (7) Defendant Goucher failed to communicate with Plaintiff about a refund for tuition and fees, despite the fact that the policy states "[s]tudents who are found not responsible or receive a lesser sanction than suspension or expulsion will receive full or partial refunds, depending on the date of the interim separation, as determined by senior administrators."

51. As a result of the foregoing, Plaintiff suffered loss in the education in which he paid, future education, and other damages to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

WHEREFORE, Plaintiff Owen Feil prays that the Court enter judgment in his favor and against Defendant Goucher College for damages in the amount of at least Seventy-Five Thousand Dollars and No Cents ($75,000.00), costs, and such other and further relief as justice may require.

### COUNT III
### DEFAMATION
### Goucher

52. Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

53. Defendant Goucher controls the Gopher App that was used by the complaining student to disseminate false statements that Plaintiff was a rapist. Such statements were made after Defendant Goucher's determination that Plaintiff did not commit sexual assault. When Plaintiff complained to Defendant Goucher about the defamatory statements of the Gopher App, Defendant Goucher did not remove the statements, allowing the continued dissemination of defamatory statements and participating in the defamation.

54. By keeping the false allegations against Plaintiff on the "Gopher App," Defendant Goucher was assisting in the complaining student's defamation and was actively defaming Plaintiff.

55. Such false statements exposed Plaintiff to public scorn, hatred, contempt and ridicule, and encouraged others in the community to not have a good opinion of Plaintiff. There was no way in which Plaintiff could return to the college with the dissemination of

false information that he was a rapist, and with the disclosure of his private health information on the app.

WHEREFORE, Plaintiff Owen Feil prays that the Court enter judgment in his favor and against Defendant Goucher College for damages in the amount of at least Seventy-Five Thousand Dollars and No Cents ($75,000.00), costs, and such other and further relief as justice may require.

## COUNT IV
## BREACH OF CONTRACT
## DISCLOSURE OF HEALTH INFORMATION IN
## VIOLATION OF HIPAA and MD CODE, HEALTH – GENERAL 4-201, et seq.
### Goucher

56. Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

57. Defendant Goucher has an obligation to keep student medical information private.

58. Defendant Goucher breached that obligation when it told the complaining party about Plaintiff's confidential medical information and allowed that information to be shared via its Gopher App.

59. As a result of the foregoing, Plaintiff suffered a halt to his college education, distress, loss in future education, and other damages to be determined at trial, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

WHEREFORE, Plaintiff Owen Feil prays that the Court enter judgment in his favor and against Defendant Goucher College for damages in the amount of at least Seventy-Five Thousand Dollars and No Cents ($75,000.00), costs, and such other and further relief as justice may require.

## COUNT V
## FALSE ARREST
### Unknown Goucher College Security Personnel

60. Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

61. Defendant Unknown Goucher College Security Personnel forced Plaintiff to leave his dorm room and go across campus with them, where he was interrogated. Defendant Unknown Goucher College Security Personnel forced Plaintiff to write a statement against his will. Defendant Unknown Goucher College Security Personnel deprived Plaintiff of his personal liberty without Plaintiff's consent and without legal justification.

62. As a result of Defendant Unknown Goucher College Security Personnel's actions, Plaintiff has suffered personal injury and severe mental anguish and humiliation. Plaintiff had to be transported to Franklin Square Hospital after the false arrest. Plaintiff has been in psychiatric counseling since this false arrest.

63. Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein. At all times relevant hereto, Defendant Unknown Goucher College Security Personnel were employed by Defendant Goucher. At all times relevant hereto, Defendant Unknown Goucher College Security Personnel were employed by Defendant Goucher.

WHEREFORE, Plaintiff Owen Feil prays that the Court enter judgment in his favor and against Defendant Unknown Goucher College Security Personnel for damages in the amount of at least Seventy-Five Thousand Dollars and No Cents ($75,000.00), costs, and such other and further relief as justice may require.

## COUNT VI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### All Defendants

64. Plaintiff repeats and realleges each and every allegation herein above as if fully set forth herein.

65. Defendant Unknown Goucher College Security Personnel forced Plaintiff to leave his dorm room and go across campus with them, where he was interrogated. Defendant Unknown Goucher College Security Personnel forced Plaintiff to write a statement against his will. Defendant Unknown Goucher College Security Personnel deprived Plaintiff of his personal liberty without Plaintiff's consent and without legal justification.

66. Defendant Goucher's actions in participating in defamation of Plaintiff was without any legal basis or justification, and keeping the defamatory information on the community information application was intentional.

67. Defendant's actions were intentional and reckless, and extreme and outrageous.

68. As a direct result of Defendant Unknown Goucher College Security Personnel's actions, Plaintiff has suffered personal injury and severe mental anguish and humiliation. The emotional distress was so severe that Defendant Plaintiff had to be transported to Franklin Square Hospital after the false arrest. Plaintiff has been in psychiatric counseling since this false arrest.

69. As a result of Defendant Goucher's actions in defaming Plaintiff, Plaintiff has suffered severe mental anguish and humiliation. The emotional distress was so severe that Plaintiff 's psychiatric counseling to this day includes the counseling because of the defamation.

14

WHEREFORE, Plaintiff Owen Feil prays that the Court enter judgment in his favor and against Defendants Goucher College and Unknown Goucher College Security Personnel for damages in the amount of at least Seventy-Five Thousand Dollars and No Cents ($75,000.00), costs, and such other and further relief as justice may require.

### COUNT VII
### RESPONDEAT SUPERIOR
### Goucher

70. Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

71. At all times relevant hereto, Defendant Unknown Goucher College Security Personnel were employed by Defendant Goucher.

72. The above-described acts of Defendant Unknown Goucher College Security Personnel were committed within the scope of their employment with Defendant Goucher College. As the employer of Defendant Unknown Goucher College Security Personnel, Defendant Goucher College is responsible for all of the acts committed by Defendant Unknown Goucher College Security Personnel within the scope of their employment. Defendant Goucher College is liable for the employee actions set forth herein, including false arrest and intentional infliction of emotional distress.

WHEREFORE, Plaintiff Owen Feil prays that the Court enter judgment in his favor and against Defendant Goucher College for damages in the amount of at least Seventy-Five Thousand Dollars and No Cents ($75,000.00), costs, and such other and further relief as justice may require.

15

Respectfully submitted,

*/s/ Donna King*

Donna M.B. King
Law Office of Donna M.B. King, LLC
309 West Pennsylvania Avenue
Towson, Maryland 21204
Phone: 410-494-1005
Facsimile: 410-769-8333
Email: dking@dking-law.com
CPF# 9712170117

Attorney for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein.

*/s/ Donna King*

Donna M.B. King
Law Office of Donna M.B. King, LLC
309 West Pennsylvania Avenue
Towson, Maryland 21204
Phone: 410-494-1005
Facsimile: 410-769-8333
Email: dking@dking-law.com
CPF# 9712170117

Attorney for Plaintiff

16